This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Benjamin J. Eckleberry, has appealed from his conviction for robbery by the Summit County Court of Common Pleas. We affirm.
Defendant was indicted on one count of robbery, in violation of R.C.2911.02(A)(3). A jury found Defendant guilty and the trial court sentenced him accordingly. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR [Defendant's] conviction was against the manifest weight of the evidence.
In Defendant's sole assignment of error, he contends that his conviction for theft was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4.
The jury found Defendant guilty of robbery, in violation of R.C.2911.02(A)(3), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." This court has previously observed that:
 [i]n order to prove robbery, it is necessary for the state to demonstrate that the use or threatened use of force coincided in time with the intent to commit theft. * * * Robbery does not require that the intent to steal exist from the outset of a forceful altercation. It only requires the threat or use of force during or while fleeing immediately after the commission or attempt to commit a theft. * * * The force necessary to raise a theft offense to the level of robbery is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
(Citations omitted.) State v. Goodson (Sept. 4, 1996), Medina App. No. 2537-M, unreported, at 3-4.
It is alleged that Defendant committed robbery in the residence of the victim, Thomas Mumford. Mumford testified that on the day in question he obtained some marijuana for some friends. Mike Hammond, Don McCann, and Defendant arrived at Mumford's residence to purchase the marijuana. Mumford knew all three of the visitors and stated that he had known Defendant for five to six years. Mumford testified that he and Hammond went upstairs to Mumford's room to obtain the marijuana. Once they entered his room, Mumford sat down to access the marijuana and looked up to see Defendant coming up the stairs. Mumford stated that he proceeded to look down and when he looked up the second time, Defendant sprayed mace in his face. Mumford positively identified Defendant as the individual that sprayed the mace. Immediately afterwards, Mumford was punched in the face. Mumford saw Defendant and Hammond run down the stairs. Mumford testified that he followed them down and yelled to his roommate to call the police. Further, Mumford admitted that he had initially told police a different version of events regarding the alleged robbery. Specifically, in Mumford's initial statement to the police he told them that $600 in cash had been stolen, rather than marijuana valued at $500-$600.
Donald McCann, a co-defendant, pled guilty to attempted grand theft and agreed to testify against Defendant. McCann stated that he had driven Defendant and Hammond to Mumford's residence to purchase marijuana for Hammond. Mumford testified that during the drive Hammond mentioned that he was going to take the marijuana from Mumford without paying for it. When they arrived, McCann entered the home with the others, but testified that he returned to his car when Mumford asked Hammond to go upstairs. Further, Mumford stated that when Hammond and Defendant returned to the car, Hammond was "all hyper" and Defendant wanted to be taken home.
Terry Pasko, an Akron Police Department patrolman, testified that he was dispatched to the residence regarding the incident. Pasko stated that upon his arrival he met Mumford. Pasko testified that Mumford appeared to be in pain. He also described Mumford's injuries, including profuse bleeding from his face, a swollen nose, and bloodshot and tearing eyes. He also observed that Mumford's appearance was consistent with someone who had been sprayed with mace. Further, Pasko recognized the odor of mace upon his arrival at the home.
Defendant did not present any evidence; however, he argues that Mumford's credibility is questionable, at best. As such, the manifest weight of the evidence rests on the credibility of Mumford.
In the instant case, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of robbery. The above discussion clearly indicates that Defendant used force against another to commit a theft offense. This is not an exceptional case in which the weight of the evidence warrants a new trial. Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, BATCHELDER, P.J., BAIRD, J. CONCUR.